*White, J;
The statute provides that the official bond of a sheriff shall be conditioned for the faithful discharge of his duties ; and the bond, in the present case, is in conformity with the statute.
The first question is: Was the collection of the money due on the notes and their surrender by the sheriff, a breach of his official duty?
That he received them in his official capacity is clear. As sheriff he made the sale, and it was his duty to see that the purchaser complied with its terms. On his return the sale was confirmed; and, as a necessary consequence, he was ordered by the court to make to the purchaser a deed, and to distribute the proceeds of sale to the several parties entitled thereto. True, the notes were payable to the parties; but the notes, as well as the money, were delivered to him as the consideration for the premises sold, for the benefit of the parties, in lieu of the estate for which they had been divested by the sale. He thus became the custodian of the notes in his official capacity, and his liability as such would continue until he either delivered them to the proper parties, or was, in some other mode, relieved of his responsibility.
' Did his liability cease with his term of office ?
Certainly not. The duty of holding and properly disposing of the notes and money was an official duty devolved on him by law while in office, and, though his term ended, the duty continued until discharged. His subsequent unauthorized collection of the notes and the surrender of them to the maker, was a breach of this duty. It was the wrongful conversion of the securities to his own use, for which an action in the nature of trover might have been maintained against him separately, or for which he and his sureties may be sued on his bond.
The security furnished to the public by the bond is coextensive *352 with the duties imposed by law upon the sheriff; and in addition to the personal responsibility of the officer, is the indemnity provided by law for the protection of the public against official misconduct. The bond is not designed to, and does not, furnish the measure of the officer’s official liability, but is an undertaking, in its nature collateral, that *the obligors will respond to the party injured, to the full amount of such liability as may be incurred by the principal. See King, Cary & Howe v. Nichols et al., decided at the present term.†
The next question is as to the measure of damages.
The counsel of the defendants claim that the damages should be only nominal, for the reason that the plaintiffs, as the collection and surrender of the notes were unauthorized, could still resort to the maker for payment.
Upon ordinary principles it is no answer to a demand for damages, founded upon the unlawful conversion of property, that the plaintiff has the right to reclaim it from those to whom it has been wrongfully disposed of. Nor could the defendant, Skillen, in an action against him for the conversion of the notes, have mitigated the damages by the fact that the plaintiffs could still collect their debt from the maker of the notes.
The measure of damage in this respect in not different where he is sued on his own bond for the tortious conversion of property to his own use, and where, as in this case, such conversion constitutes a breach of the bond. Nor can the fact that some of the obligors are sureties be allowed to vary the rule; for the measure of damages arising from breaches of the bond is necessarily the same against all the obligors.
In trover, the measure of damages for the conversion of a chose in action, as a bill, note, bond, or other security for the payment of money, is the amount collectible thereon. Prima fade the measure of damages is the amount due on the security, the defendant being at liberty to reduce that valuation by evidence showing payment, insolvency of the maker, or any fact tending to invalidate the security. Sedg. on Damages, side, 488; 2 Greenl. Ev., secs. 276, 649; Mercer v. Jones, 3 Camp. 477; Romig’s Adm’r v. Romig, 2 Rawle, 241; O’Donoghue v. Corby, 22 Missouri, 394; Menkens v. Menkens et al., 23 Id. 252.
*353 We see nothing in the present case to take it out of this rule.
The notes were the property of the plaintiffs, and worth their-*face; the defendant, Skillen, in violation of a duty devolved on him by virtue of his office, converted them to his own use; for-this conversion the plaintiffs have brought their action on this-bond; and, as between the parties to the suit, we see no reason why the plaintiffs should not recover full damages. The equities, if any, that may exist or arise between the sureties and the purchaser, we are not called on to consider.
As the judgment must be reversed, it is necessary to determine whether the defendants are liable for the four hundred and one dollars paid on the day of sale, as that question affects the amouni of the judgment to be rendered.
They claim to be liable only for the one-third of the purchase-money required by the terms of sale to bo paid in cash.
In the absence of an order of court requiring the sale to be for cash, one-third of the purchase money is payable on the day of sale, and the balance in two annual installments, with interest.
The object of the statute is not to provide a mode of investment for the benefit of the parties to the petition, but to encourage-bidders, and thus effect a better sale of the property. If the purchaser should elect, after the sale, to pay all the purchase money in-hand to the sheriff, and on report of the fact the court should confirm the sale, there can be no doubt that the sale would be valid,, and the sheriff and his sureties liable on his bond for the money. The fact that the property would have sold for more, or as' much,, for cash down as if sold on time, would have been a good cause for-ordering the sale to be made for cash in the first instance.
The opinion of the common pleas, allowing the plaintiffs to recover their shares of the money returned by the sheriff on the order of sale, was correct.
But for the reasons already stated the judgment of the district, court and of the court of common pleas will be reversed; and judgment may be entered, in this court, in favor of the plaintiffs, in accordance with this opinion.
Scott, C. J., and Day, Welch, and Brinkerhoee, JJ., concurred.

Ante 80.